NO. 07-09-00327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2010

_____

MIKE JAMES MCCORMICK II, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,734-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Michael James McCormick, II,  appeals from his conviction, on an open plea to the court, of the offense of possession of a controlled substance and the resulting sentence of fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).  Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment as modified.

In May 2008, appellant was indicted for the offense of possession of methamphetamine, in an amount of one gram or more but less than four grams.[1] The indictment also included an enhancement paragraph setting forth appellant's previous felony conviction. In September 2009, appellant entered a guilty plea to the charge as indicted and entered a plea of "true" to the enhancement, without a plea agreement. On the same day, appellant appeared before the trial court for a punishment determination.

The trial court admonished appellant, determined his plea was entered knowingly, freely, and voluntarily, and explained the applicable range of punishment. Appellant also signed a document entitled "Felony Plea Memorandum" that contained a waiver of jury, waiver of confrontation of witnesses and stipulation of evidence, waiver of indictment, and waiver of two days service of indictment. A police officer also testified to the circumstances surrounding his discovery of a canister containing methamphetamine on appellant's person. The State also introduced into evidence appellant's nine prior convictions.

Appellant testified he had made efforts to stop using drugs, but relapsed after his grandmother died. Appellant asked the court to consider a punishment of five years that was the same as a plea offer the State had offered early in his case. A long-time acquaintance of appellant testified appellant was an "upstanding, honorable person" and he did not appear to be currently using drugs. Other acquaintances characterized appellant favorably and his probation officer gave testimony favorable to appellant.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003).

Following this testimony and arguments of counsel, the court assessed punishment against appellant at confinement for a term of fifteen years. Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing concerning appellant's punishment. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Because appellant entered an open plea of guilty, he waived any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry

of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. *Young v. State,* 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). There is nothing in the record that supports existence of a jurisdictional defect. Also, as noted in counsel's brief, appellant's plea was entered freely and voluntarily as required by article 26.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007). Counsel discusses the applicable law and the facts of appellant's case and concludes there is no arguably meritorious point that may be raised on this issue. We agree.

We also agree there is no arguably meritorious point that may be raised with regard to the punishment assessed to appellant. Because appellant's plea of guilty was an open plea and not based on an agreement with the State, the court was free to impose any punishment accorded by statute. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). The trial court assessed punishment for appellant at fifteen years of confinement, a sentence well within the statutory range. *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003); Tex. Penal Code Ann. § 12.34 (Vernon 2009); Tex. Penal Code Ann. § 12.42 (Vernon 2003). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814; *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Lastly, counsel notes the possibility that appellant might argue he received ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention. Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. We note, however, the written judgment indicates a plea bargain was entered. The record is clear there was no plea bargain in this case. This Court has the authority to correct, modify and reform a judgment to make the record speak the truth when it has the necessary information to do so.[2] Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd). The necessary information is provided here. We modify the judgment to omit any reference to a plea bargain.

---

[2] The authority of an appellate court to reform an incorrect judgment is not dependent on the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Asberry,* 813 S.W.2d at 529-30.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the trial court's judgment, as modified.


James T. Campbell
Justice


Do not publish.

---

[3]Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.